IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED

3:11 pm, 1/17/12

Tim J. Ellis
Clerk of Court

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARCO, INC., | ) | Case No. 11-20982 |
| | ) | Chapter 11 |
| Debtor. | ) | |

### MEMORANDUM OPINION DENYING GRAND TETON MALL, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY

The motion for relief from stay, filed by Grand Teton Mall, LLC ("Grand Teton"), came before the court for an evidentiary hearing on November 30, 2011. Marco, Inc., ("Marco") filed a response. The court, being fully advised, concludes that the motion should be denied.

Grand Teton seeks relief from the automatic stay imposed by 11 U.S.C. §362(a)[1] to continue to enforce its state law remedies based on the termination of a License Agreement ("License") with Marco. Grand Teton argues cause exists for relief from stay under §362(d)(1) as: (1) the License, by its terms has terminated; or, (2) §365(d)(3) mandates immediate payment of rent to the landlord at the full contract amount during the period that the Marco is deciding to reject or assume a lease. Grand Teton alleges Marco is not current on its post-petition fees that are due and owing . Additionally, under §362(d)(2), Grand Teton alleges that Marco does not have equity in the license agreement or property and relief should be granted. Alternatively, Grand Teton requests

---

[1] Unless otherwise indicated, all future statutory references are to the Bankruptcy Code, Title 11 of the United States Code.

that if the court declines to lift the automatic stay, that it should be granted adequate protection for Marco's ongoing use of the Premises. Grand Teton also requested that if it is granted relief from the automatic stay that the 14-day stay under Fed. R. Bankr. P. 4001(a)(3) be waived.

Marco argues that Grand Teton should not be granted relief from stay as it has been provided adequate protection by the payments that were made for the monthly licensing fee and which Grand Teton accepted. Additionally, Marco argues that the retention of the space in the mall is necessary for an effective reorganization.

**Findings of fact**

Marco operates retail clothing stores under the name of "DeMarcos." DeMarcos has been in the Grand Teton Mall, Idaho Falls, Idaho since approximately 1984. On February 23, 2011, Marco entered into a License Agreement ("License") with Grand Teton which provided Marco to continue to operate DeMarcos in the Mall. However, as the new location was not ready for occupancy, DeMarcos was moved to a temporary location with the intent that it would move into its current location in April 2011. Due to delays in construction, DeMarcos was delayed in completing its move until mid-April. During that time, it continued to operate from its temporary location in the mall.[2] The terms of the License state, in part:

"1.    Licensor grants to Licensee a non-exclusive License, which is non-

---

[2] There is a conflict between the parties as to the amount of fees due during this period based upon an agreement of a "free" period of occupancy that amounts approximately $200.00. This issue is not before the court.

      transferable by Licensee, freely transferable by Licensor, and revocable at will and without cause by only Licensor, for the sole purpose of conducting the following business activities..."

2.   "Licensee shall be permitted to conduct the Use in the Assigned Location starting upon the earlier of (a) the date Licensee opens for business to the public or (b) 4/01ll (the "Commencement Date") and ending 04/30/12,...unless this License is revoked earlier the Licensor. Licensor may revoke this License at will and without cause, effective upon personal delivery of five (5) days prior written notice of revocation to Licensee...or by US Mail sent Certified, return receipt requested to Licensee's Notice... The License shall absolutely end on the giving of such notice..."[3]

Valerie Worthen ("Worthen"), the general manager of the Mall, testified that DeMarcos was in the Mall when she became the manager. She explained that license agreements are used for short term tenants in the Mall. DeMarcos entered into a standard license agreement with Grand Teton. The License was executed by Marco, Inc., on February 23, 2011 and by Worthen, on behalf of Grant Teton, on February 25, 2011. Toward the end of July, 2011, Worthen elected to terminate the License. She sent Rob Marcovitz ("Rob") an e-mail on Friday, July 29, 2011 stating, "Please be prepared to receive a notice to vacate by the end of August."[4] On Monday, August 1, 2011, Worthen sent an additional e-mail with an attachment. The message stated in part, "Rob, the attached letter went out certified in today's mail. Should you fail to render the space broom clean at the end of the day 8/31/11 we will proceed with securing the location." At that time, Grand Teton alleges that Marcos had an outstanding license fee in the

---

[3] Grand Teton's Exhibit 1

[4] Grand Teton's Exhibit 5.

Page 3

amount of $26,583.60.[5] Subsequently, a letter terminating the License Agreement was mailed, by certified mail, on August 1, 2011.[6] Ms. Worthen testified that the termination of the license agreement letter was mailed to the address stated on the license agreement and by the instruction from Rob. Ms. Worthen also testified that although the License provides that revocation of the License is effective upon five (5) days prior written notice, it was her decision to provide DeMarcos thirty days to evacuate the premises.

Marco filed for Chapter 11 bankruptcy protection on August 31, 2011. Mr. David Marcovitz ("David") testified that DeMarcos in Idaho Falls is the main retail store. There is currently an additional retail store in Casper, Wyoming. All other DeMarcos stores have been closed. In 2008, after a cash flow issue, DeMarcos began making their monthly payments by dividing the total monthly fee amount and making two payments. David asserts that the amount of pre-petition arrearage is disputed and Marco is current on its post-petition fees. David also testified that the continued operation of the Idaho Falls retail store is necessary for an effective reorganization of the debtor.

**Conclusions of law**

Grand Teton seeks relief under § 362(d)(1), which provides:

> "[T]he court shall grant relief from the stay...such as by terminating, annulling, modifying, or conditioning such stay -
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

---

[5] Grand Teton's Exhibit 6.

[6] Grand Teton's Exhibit 2.

> (2) with respect to a stay of an act against property...if:
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization;

The party requesting relief has the burden of proof on the issue of the debtor's equity in property; and the party opposing such relief has the burden of proof on all other issues.[7]

It appears to the court that under its terms, the License was terminated by the notice of termination transmitted to Marco on or about August 1, 2011. Nothing remained to complete the termination process after that date, except the passage of time. Although the License only requires five days notice, the general manager, Ms. Worthen provided Marco thirty days to evacuate the premises, which is in compliance with Idaho law that provides that a tenancy at will, may be terminated upon written notice to the tenant to remove itself from the premise within a period of not less than one (1) month.[8] Before the end of August, the debtor filed for bankruptcy protection evoking the automatic stay.

However, prior to the hearing, Marco submitted the fees that were due and owing on the License.[9] Grand Teton accepted the payments, thereby receiving the adequate protection payments that it requested in its pleading. Therefore the court finds that

---

[7] 11 U.S.C. §362 (g)(1) and (2).

[8] Idaho Code §55-208.

[9] This is absent an alleged deficiency of nearly $200.00 that is contested as due and owing by Marco.

Page 5

Marco is providing the adequate protection payments that were requested as alternative relief by Grand Teton. Based on the receipt and acceptance of the adequate protection payments, Grand Teton has not carried its burden establishing cause for relief of the automatic stay.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 12 day of January, 2012.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
　Ivan Gold
　Stephen Winship